UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DENNIS SCHENDEL, an individual, ) Case No. 2:11-CV-02779 JAM-JFM
and CATHERINE SCHENDEL, an )
individual; )
) ORDER DENYING PLAINTIFFS'
          Plaintiffs, ) MOTION TO REMAND TO STATE
) COURT PURSUANT TO 28 U.S.C.
    v. ) §§ 1441 and 1446
)
ACE MORTGAGE FUNDING, LLC., et )
al.; )
)
          Defendants. )

This matter is before the Court on Plaintiffs Dennis Schendel and Catherine Schendel's ("Plaintiffs") Motion to Remand to State Court pursuant to 28 U.S.C. §§ 1441 and 1446 (Doc. #9).[1] Defendants Aurora Loan Services, LLC and Mortgage Electronic Registration Systems, Inc. ("Defendants") oppose the motion (Doc. #25).

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

This action arises out of a dispute concerning the real

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).  The hearing was originally scheduled on January 25, 2012.

1

property located at 8720 Pathfinder Court, Orangevale, California (the "Property"). In short, Plaintiffs obtained a mortgage on the Property and later defaulted. Defendants, claiming an interest in the mortgage, instituted a non-judicial foreclosure on the Property on September 23, 2010. The Property was subsequently sold at a Trustee's Sale on March 25, 2011. The parties indicate that Plaintiffs continue to occupy the Property, and an eviction action is proceeding before the Superior Court of California, Sacramento County.

The procedural background of this action involves three different lawsuits. The first action concerning the Property was filed before this Court by Plaintiffs on May 25, 2011. That complaint alleged several federal causes of action, which gave this Court jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. The unlawful detainer action was then filed against Plaintiffs in state court. On October 5, 2011, Plaintiffs filed a second action in state court, which was largely duplicative of their first federal complaint except that it did not explicitly include any federal causes of action.

On October 6, 2011, Plaintiffs moved to consolidate the unlawful detainer action with their new state court lawsuit. Before the motion to consolidate was decided, Defendants removed Plaintiff's second action on the basis of federal question jurisdiction to the Eastern District of California and it was assigned to District Judge Mueller. Subsequently, the Superior Court denied the motion to consolidate because Plaintiffs' second action had been removed to federal court. On November 15, 2011, Plaintiffs voluntarily dismissed their first action. The next day,

Plaintiffs filed the present motion to remand the second action to state court. Their second action was then deemed related to the first and reassigned to this Court on December 23, 2011. Thus, Plaintiffs' first action filed in federal court is dismissed, Plaintiffs' second action that was filed in state court is presently before the Court after its removal, and the unlawful detainer action filed against Plaintiffs is still before the state court.

As stated above, Defendants claim that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

## II.  OPINION

### A.  Legal Standard

As this is a motion to remand pursuant to 28 U.S.C. § 1447(c),[2] the issue to be decided is the Court's subject matter jurisdiction or lack thereof. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). The court must remand an action sua sponte if it determines that it lacks subject matter jurisdiction. See Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir.2003) ("[W]e have held that the district court must remand if it lacks jurisdiction," citing Sparta Surgical Corp. v. Nat'l Ass'n Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir.1998)). The
///

---

[2] Although the title to Plaintiffs' motion does not include a reference to 28 U.S.C. § 1447, the statute that governs remand proceedings, that statute is properly cited and addressed in the body of their motion.

removal statute explains when removal is proper:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992) (citing Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir.1988), and Takeda v. Northwestern National Life Insurance Co., 765 F.2d 815, 818 (9th Cir.1985)). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. (citing Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir.1979)). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (citing Nishimoto v. Federman-Bachrach & Associates, 903 F.2d 709, 712 n. 3 (9th Cir.1990), and Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir.1988)).

B. Discussion

Plaintiffs seek remand on the grounds that their first action was voluntarily dismissed, leaving only the second action which they argue contains no federal claims. Plaintiffs argue that if there are no federal claims, Defendants' only stated basis for removal, 28 U.S.C. § 1331 federal question jurisdiction, is not valid. Defendants respond by arguing that jurisdiction is determined at the time the action is removed, meaning that the first action's related federal claims should be considered.

Federal question jurisdiction is presumed to be absent unless a defendant, as the party seeking removal, shows that the plaintiff has alleged (1) a federal claim, American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916), (2) a state cause of action that requires resolution of a substantial issue of federal law, Grable & Sons Metal Products., Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308, 313 (2005), or (3) a state cause of action that Congress has transformed into an inherently federal claim by completely preempting the field, Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557, 560 (1968); Metropolitan Life Insurance Co. v. Taylor, 481 U.S. 58, 65 (1987).

Defendants argue that the Court has subject matter jurisdiction because Plaintiffs' first complaint alleged federal claims, and their second complaint contains a claim under California Financial Code § 50505 ("Section 50505") that necessarily depends on substantial questions of federal law.

Section 50505 states:

> Any person who violates any provision of any of the following federal acts or regulations violates this division:
> (a) The federal Real Estate Settlement Procedures Act ["RESPA"], as amended (12 U.S.C. Sec. 2601 et seq.).
> (b) The federal Truth in Lending Act ["TILA"], as amended (15 U.S.C. Sec. 1601 et seq.).
> (c) The federal Home Ownership Equity Protection Act ["HOEPA"] (15 U.S.C. Sec. 1639).
> (d) Any regulation promulgated under any of the federal acts in subdivision (a), (b), or (c).

Cal. Fin. Code § 50505.

Here, not only did the complaint in the first federal action allege federal claims, but Plaintiff's § 50505 claim necessarily depends on resolution of substantial questions of federal law. The

5

1  claim specifically requires the Court to make a determination of
2  whether the defendants violated TILA, HOPEA, and RESPA, which are
3  federal statutes.  Further, Plaintiff seeks remedies available
4  under those federal statutes.  Accordingly, the Court finds that it
5  has subject matter pursuant to 28 U.S.C. § 1331.  <u>Grable & Sons</u>,
6  545 U.S. at 313.  The Court also finds that it is appropriate to
7  assert jurisdiction over the remaining state law claims pursuant to
8  28 U.S.C. § 1367.

### III. ORDER

After careful consideration of all of the papers submitted with regard to this motion by all parties, the Court finds that it has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, making remand improper.  The Court also asserts jurisdiction pursuant to 28 U.S.C. § 1367 over the additional state law claims.  Accordingly, Plaintiffs' Motion to Remand is DENIED in its entirety.

IT IS SO ORDERED.

Dated: February 13, 2012

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE